**FORM TO BE USED BY PRISONER IN FILING A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U. S. C. 1983**

**In the United States District Court for the District of New Jersey**

VASILIO Koutsogiannis
**Plaintiff**
**Vs**
1. MICHEAL ROGALSKI
2. HERMOGENES JARIN III
3. OCEAN TOWNSHIP, NEW JERSEY
4. ROBERT CONFORTI
5. JOHN MORRIN
6. KEN SHIATTARELLA
7. HERMAN PHARO
8. THOMAS DELLANE
9. STAFFORD TOWNSHIP, NEW JERSEY

All Persons sued in official & individual ... **Defendants**
... capacities

**Civil No.________________**

**1. Jurisdiction is asserted pursuant to**

**XXXXX** **42 U. S. C. 1883 (applies to state prisoners)**

**______** **BIVENS v. Six Unknown Named Agents of Fed Bureau of Narcotics 403 U. S. 388 and 28 U. S. C. 1331 (applies to federal prisoners)**

**2. Previously Dismissed Federal Civil Actions or Appeals**

**If your are proceeding in forma pauperis, list each civil action or appeal you have brought in a federal court while you were incarcerated or detained in any facility, that was dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted. Please note that a prisoner who has on three or more prior occasions, while detained in any facility, brought an action or an appeal in a federal court that was dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted, will be denied in forma pauperis status unless that prisoner is under imminent danger of serious physical injury. See 28 U. S. C. 1915 (g).**

**a. Parties to previous lawsuit:**

**Plaintiff(s):** N/A

**Defendant(s):**________________________________

**b.** **Court and Docket number:**____________________

**c.** **Grounds for dismissal: ( ) frivolous ( ) malicious ( ) failure to state a claim upon which relief may be granted**

**d.** **Approximate date of filing lawsuit:**________________

**e.** **Approximate date of disposition:**________________

**3.** **Place of Present Confinement?** ________________

**4.** **Parties**

**(In item (a) below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)**

**a. Name of Plaintiff:** Vasilio Koutsogiannis

**Address:** Ocean County Jail, 114 Hooper Ave Toms River N.J.

**Inmate #:** 131014

**b. First Defendant--Name:** Micheal Rogalski

**Official Position:** Sergeant

**Place of Employment:** Ocean Township Police Dept. 50 Railroad Ave Ocean Twp. NJ 08758

**How is this person involved in the case?**

**(i.e., what are you alleging that this person did or did not do that violated your constitutional rights?)**

1 Knowingly utilized false & fraudulent information causing Plaintiff to be falsly arrested & imprisoned aswell as unlawfully searched, without warrants or probable cause. 2 caused Plaintiffs home to be entered, seized, and searched unlawfully; 3 Caused Plaintiff to be battered & assaulted by other officers of the law. 4 used false info in Search warrant Affidavit

**c.** **Second defendant--Name:** Hermogenes Tarin III

**Official position:** Sergeant

**Place of employment:** Ocean TWP. Police Dept. 50 Railroad Ave Ocean TWP. NJ 08758

**How is this person involved in the case?**

**(i.e. what are you alleging that this person did or did not do that violated your constitutional rights?)**

Knowingly utilized false & fraudulent info. to have Plaintiff falsly arrested & imprisoned against his will. [2] Unlawfully seized Plaintiffs home aswell as entered unlawfully & unlawfully detained Plaintiffs Sister Sophia Katsogiannis against her will without warrants

d. **Third Defendant–Name** Robert Conforti

**Official Position-** Patroleman

**Place of Employment-** Stafford TWP. P.D. 260 E. Bay Ave Stafford N.J. 08050

**How is this person involved in the Case?**

[1] Made decsion to unlawfully enter Plaintiffs Home without warrants or probable cause with a K-9 and falsly arrested & imprisond him against his will aswell as Katerina Katsogiannis. [2] created false reports & testimony

e. **Fourth Defendant-** John Morrin

**Official Position-** Patrolman & S.W.A.T team member

**Place of Employment-** Stafford TWP Police Dept. 260 E. Bay Ave Stafford N.J. 08050

**How is this person involved in the Case?**

Unlawfully entered Plaintiffs home without search or arrest warrants threatening to shoot him then slamming plaintiff to the ground with excessive force, battering & assaulting him while placing Plaintiff in handcuffs while kneeling on his back, falsly arresting & imprisoning him then searching his person without warrants.

f. **Fifth Defendant-** Ken, Shiattarella

**Official Position-** Patrolman & S.W.A.T. team member

**Place of Employment-** Stafford TWP. P.D. 260 E. Bay Ave Stafford N.J. 08050

**How is this person involved in the Case?** Used his foot to trip the motion sensor on the exterior garage door to gain access to Plaintiffs home unlawfully then assaulted & battered in the same manner as Defendant Morrin, falsely arresting & imprisoning Plaintiff & searching him without warrants of any kind.

g. **Sixth Defendant-** Herman Pharo

**Official Position-** Sergeant & S.W.A.T. team Comander

**Place of Employment-** Stafford TWP. P.D. 260 E. Bay Ave Stafford NJ 08050

**How is this person involved in the case?** Unlawfully entered & ordered a warrantless search of Plaintiffs home & falsely arrested & imprisoned Plaintiff against his will & noted Plaintiff was compliant. Defendant Pharo is responsible for S.W.A.T. team & could have prevented violations against Plaintiff. [2] Falsified reports & testimony.

h. **Seventh Defendant-** Thomas Dellane

**Official Position-** Leutenant

**Place of Employment-** Stafford TWP. P.D. 260 E. Bay Ave Stafford N.J. 08050

**How is this person involved in the case?** On scene ranking officer who was responsible for the constitutional violations against Plaintiff by officers. Spoke with Defendant Rogalski prior to unlawfull entry & arrest and knew the nature of the underlying allegations against Plaintiff were untrustworthy yet allowed the violations to take place holding him liable for plaintiffs suffering of False arrest & imprisonment, assault & battery & violations to his home & family.

* See Parties Amended Attached *

5. **I previously have sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in the Statement of Claims page 6.** (✓) **Yes** ( ) **No**

**If your answer is "Yes," briefly describe the steps taken, including how relief was sought, from whom you sought relief, and the results.**

a supression of evidence hearing was held in reguards to the unlawful police conduct. After being granted the hearing over a year ago no decision has been given to me in writing as of yet.

**If your answer is "No," briefly explain why administrative remedies were not exhausted.**

**6. Statement of Claims**

**(State here as briefly as possible the <u>facts</u> of your case. Describe how each defendant violated your rights, giving dates and places. If you do not specify how each defendant violated your rights and the date(s) and place of the violations, your complaint may be dismissed. Include also the names of other persons who are involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach a separate sheet if necessary.)**

please see attached Sheet named (Facts & Background) pg. 3 aswell as COUNTS I through X starting on pg. 8

**7. Relief**

**(State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.)**

please see "Prayer for Releif" pg 12 (Attatched)

**8. Do you request a jury or non-jury trial? (Check one only)**

**(XXX) Jury Trial** **( ) Non-Jury Trial**

**I declare under penalty of perjury that the foregoing is true and correct.**

**Signed this** 10 **day of** october **, 20**14, A timely complaint

Vasilio Koutsogiannis

**Signature of Plaintiff** Pro-se

Introduction 1 of 12 10-10-14

Amended and Attached to 42 U.S.C. 1983 form

(1) This is an action for money damages, declaratory, and injunctive releif brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Farth and Farteenth Amendments to the U.S. Constitution, and under the color of the State law of New Jersey, against Police officers Micheal Rogalski and Hermogenes Jarin III of Ocean TWP. police department and officers Herman Pharo, Ken Shiattarella, John Morrin and Thomas Dellane of Stafford TWP. police department. all above named Defendants are being sued in there individual and official capacities aswell as their respective municipalities, stemming from the same incident.

(2) Plaintiff Vasilio Katsogiannis alleges the above named Defendants collectively and individually violated his 4th & 14th amendment rights by participating in an unlawful and unreasonable search and seizure of his person aswell as of his sister Katerina Katsogiannis while useing excessive force & threats in the act of falsly arresting them & falsly imprisoning them without warrants.

(3) Plaintiff alleges assault & battery against Defendant Morrin and Shiattarella for threatening to "shoot" him and violently slamming him to the ground, placeing there knees on his back and neck area with extreme force, handcuffing then searching the Plaintiff and holding him in this position for nearly ten minuets then dragged out of his home and transported to Ocean TWP. Police Dept. and falsly imprisoning him, all the while against his will, but noted to be compliant.

(4) Plaintiff alleges an unreasonable search & seizure of his home tookplace aswell as an unlawful entry without warrants or consent and no probable cause existed to arrest, search or seize his person or Home. Plaintiffs older sister Sophia Katsogiannis was threatened to remain in the home against her will while search warrants were obtained falsly imprisoning her aswell. Defendants covered their actions through incons-istant reports and testimony in criminal proceedings unconvincingly, causing further harm to the plaintiff. Policies & Customs of Stafford TWP & Ocean TWP. cause them to be liable under theory of respondeat superior for Def. they employ.

## Parties - Amended from Sect. 4

(5) Plaintiff Vasilio Koutsogiannis (same) is an adult citizen and long time resident of ocean county New Jersey and the municipality of Stafford Township. He brings forth this action while being incarcerated illegaly at Ocean Canty Jail. He names ~~THREE~~ (3) of his family members as parties to the complaint and works in the family buisness.

(6) #1 Katerina Katsogiannis is an adult citizen of Stafford Twp. She worked part time as a waitress and attended ocean county collage full time until her false imprisonment at ocean canty jail as a result of unlawfull police conduct.

(7) #2 Sophia Katsogiannis is an adult citizen & resident of Ocean county. She works full time operating an interior painting busness and still resides in Ocean Canty NJ.

(8) #3 Frank Katsogiannis is an adult citizen and longtime buisness owner and resident of ocean canty N.J. He is also the registered homeowner of 36 Ross crt manahawkin N.J., the Home in wrch the alleged police misconduct took place.

## Defendants - Amended from Sect. 4

(9) I. 8th Defendant, Ocean Township is a municipality located in Ocean canty, New Jersey. It is a municipal corporation and the Public employer of Defendants Rogalski and Jarin

(10) J. 9th Defendant, Stafford Township is located in Ocean County New Jersey. It is a municipal corporation and the public employer of Defendants Pharo, Conforti, Shiattarella, Morrin and Dellane.

(11) All persons being sued in this complaint are so being sued in their official and individual capacities while operateing under the color of state & local Laws

## FACTS & background Amended from Sec. 6

(12) On or about March 2, 2013 at approx. 5:42pm a man by the name of Tyler Myles (9-27-1990) of 94 Atlantic Ave waretown, N.J. 08758 called 911 and gave what was revealed to be a ficticrouse account of an alleged robbery in wich He was the victim. He subsequently gave Defendant Jarin the same version. Def. Jarin was aware of MrMyles numerouse lies.

(13) Minutes later he was transported to Ocean Twp Police Dept. (O.T.P.D) and shortly there after and prior to Plaintiffs arrest Defendant Rogalski exposed Mr Myles numerouse lies and deamed him not to be a credible witness or victim due to his past criminal history and multiple lies and recantations. (see reports & transcribed statements) Rogalski testified in cart that Myles was not truthfull I:57:58

(14) Noteworthy is that nearly a year after the alleged incident Mr Myles gave a sworn statement affidavit claiming to have notified police at O.T.P.D. that he was not in fact robbed, that he had fand his wallet, that it was all a misunderstanding and he did not wish to file charges against VAsilio or Katerina Katsogiannis.

(15) as a result of Mr Myles untrustworthy information wich implicated Plantiff in the robbery (allegedly) he provided the registration number to a black Hundai Elantra, and a dispatch to neighboring agencies for a stop and hold on the vehicle was issued.

(16) Mr Myles gave a generic description of a Hispanic male & caucasian female but never posatively I.Dentified Plaintiff or Katerina Katsogiannis via photo line-up or otherwise. Mr Myles cauld not provide names or adresseses either. The only ficticiouse name he gave police was "Vic". Neither Plaintiffs are Hispanic or named "Vic"

(17) Subsequently the vehicle was located near 36 Ross court manahawkin N.J. but no one was located inside. The vehicle was registered to this adress.

(18) Defendant Conforti useing his K-9 Partner "Titan" allegedly tracked the scent from the car to the house and initiated a perimeter arand the home with Defendant Morrin & officer Sutter at approx. 6:15pm. Officers named in this paragraph are from Stafford Twp Police Dept (S.T.P.D)

cont...

(19) At this time the Southern Ocean County S.W.A.T. Comander Defendant Pharo was notified of the situation via dispatch and arrived at 36 Ross crt at approx. 6:22pm (according to his report) with other S.W.A.T. members in route.

(20) Defendant Pharo never obtained valid written or verbal consent from the plaintiff Vasilio Katsogiannis, Katerina Katsogiannis, Sophia Katsogiannis or Frank Katsogiannis (Home owner) to enter the home.

(21) The perimeter around the home was secured from approx. 6:15pm until approx 8pm when the unlawfull entry and arrest was made inside the home without warrants of any kind.

(22) During this time no exigent circumstances existed as an exception to the warrant requiremnt and no attempts were made by law enforcemt to obtain a warrant via telephone or otherwise.

(23) Defendant Rogalski did admit in his report to calling Defendant Dellane who was on scene at 36 Ross court supervising the perimeter.

(24) Defendant Rogalski conceded that his interview with the alleged victim Mr Mykes was completed when he contacted Defendant Dellane and its clear from the investigation report that the entry and arrest had not yet taken place when the phone call was made.

(25) Defendant Rogalski either did not relate the untrustworthy and fraudulent nature of Mr. Mykes accusations to Defendant Dellane during the conversation, or He did an it was disreguarded by Defendant Dellane and not utilized by him.

(26) Subsequently, while a massive perimeter existed around the home for nearly two hours made up of eight different jurisdictions and upwards of twenty five officers, the attached garage door to the home began to open.

(27) It is the subject of great debate how this garage door began to open. there is a keypad outside the home that police had access to. *Note noone was seen in the garage when it opened and no occupants of the home claim they opened the exterior garage door at that time.

(28) In any event, according to Defendant Conforti's K-9 activity report he claims the garage door began to open and then almost immediately began to close. Prior to closeing Defendants Morrin and Shiattarella ran to the garage and stepped in front of the inferred beam wich made the door begin to re-open. Def. Conforti & Pharo falsified reports & testimony on 1-30-14 & 2-28-14

(29) Defendant Conforti admits to entering the garage and clearing it of any occupants then Defendant Morrin opened the interior garage door & entered the home with Defendant Shiattarella and other S.W.A.T. team members, without warrants.

(30) At this time Plaintiff Vasilio Koutsogiannis heard comotion while in the bathroom, exited the bathroom and proceeded to the interior garage door where said comotion was coming from.

(31) While attempting to open the interior garage door Plaintiff Vasilio Koutsogiannis was met by Defendant Morrin who threatened to shoot the Plaintiff if he did not cooperate with his instruction by stateing "Get on the fucking ground or I'll blow your fucking head off." Defendant Morrin was in possession of a large assault rifle at this time.

(32) As Plaintiff Vasilio Katsogiannis raised his hands and began to comply he was taken to the ground by Defendant Morrin and Shiattarella and slammed face first while he was placed in handcuffs and the Defendants knees were forceably apllied to his neck and back area while being placed under arrest.

(33) Plaintiff Vasilio Katsogiannis was held in this position for nearly 10 minutes while Katerina Katsogiannis was located, arrested and removed from the home forceably and against her will.

(34) Plaintiff Katsogiannis remained face down, handcuffed and in distress while Defendants Morrin, Conforti, Pharo and Shiattarella searched his person repeatedly and found nothing, then began searching the rest of the Home.

(35) Plaintiff Vasilio Katsogiannis was not noted to be in the process of committing any crime at the time of his arrest and neither was Katerina Katsogiannis.

(36) The arrest was noted to be without incident according to Defendant Pharo's S.W.A.T. Activity report. Further, no resisting or obstruction of justice charges were issued and no contraband, weapons or any incriminating evidence was found on either the Plaintiff Vasilio Katsogiannis or Katerina Katsogiannis to justify the unlawfull arrest.

(37) Plaintiff Vasilio Katsogiannis was then forcably removed from his home against his will, but compliant, while Defendants Pharo, Morrin, Conforti, & Shiattarella remained inside his home continueing to search without warrents of any kind.

(38) Plaintiff was then placed in a patrole vehicle while handcuffed and transported to O.T.P.D.. Katerina was transported handcuffed in a seperate vehicle to the same precinct.

(39) Plaintiff was placed in a 6' x 5' (approx.) holding cell upon arrival to O.T.P.D. and told to remove his jacket and Knitted Hat.

(40) Plaintiff complained it was cold and that he needed water but was denied his request. Plaintiff also was denied medical treatment for a cut on his face from the officers excessive force during his unlawfull arrest (see par. 32)

(41) Upon sitting in the holding cell for nearly an hour without help for any of his request the Plaintiff was brought to a seperate room for interrigation all the while being detained unlawfully and effectively in custody.

(42) Defendant Rogalski elicited statements from the plaintiff and Katerina Katsogiannis wich were later used in a Search warrant affidavit that was ultimately signed by a Municiple Judge and a subsequent search of 36 Ross crt was conducted as a result of the unlawfully obtained statemts from Plaintiff Vasilio Katsogiannis and Katerina Katsogiannis while falsely imprisoned.

(43) The plaintiff aswell as Katerinas statements were also used to create a search warrant affidavit wich was signed by the same municiple cort Judge some five hours after the actual arrests took place.

(44) Defendant Rogalski unlawfully obtained these statements by way of coersion and lies while Plaintiff and Katerina were falsely imprisoned and unlawfully detained at O.T.P.D.

(45) During the unlawfull detention & false arrest of the plaintiff He requested to file a complaint against mr. Myles for fabricating a ficticiouse report against him and falsely implicating Him in a crime he did not committ, aswell as other complaints. Defendant Rogalski denied the plaintiffs rights to do so.

(46) Plaintiff and Katerina Katsogiannis were subsequently lodged in Ocean County Jail and have been so since March 3, 2013 approx. 20 months up to this point as a result of the unlawfull false arrest and subsequent search by the Defendants.

(47) Approximatedly an hour before the false arrest the oldest sibling Sophia Katsogiannis was summoned from her home in nearby Barnegat to see what the problem was at her Fathers home.

(48) After the warrantless arrest and entry into 36 Ross cort Sophia was forced by Defendant Jarin to remain inside the Home with him while a search werrant was obtained.

(49) Sophia repeatedly objected to staying in the Home & requested to leave several times but Defendant Jarin stated Sophia would be detained if she attempted to leave, fearing Defendant Jarins threats she stayed in the Hom

(50) Sophia testified in cort to the above mentioned misconduct reguarding the unlawfull seizure of the home and the unlawfull detention of her person.

(51) As a direct and proximate result of the acts of the Defendants; Plaintiff suffered the following injuries and damages;

cont.

a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person and home aswell as ureasonable government intrusion and due process of law.

b. Loss of his physical liberty;

c. Intentional, offensive and excessive force with contact to his body and

d. Fear of imminent peril resulting from an officers offer or attempt to shoot or injure him.

e. loss of wages since march 2, 2014 until presant.

F. emotional distress and mental anguish resulting from nearly two years of false imprisonment.

6. loss of sanctity & security of Plaintiffs home due to unreasonable government intrusion, creating danger to Plaintiff & his family.

(52) The actions of Defendants violated the following clearly established and well settled federal constitutional rights of Plaintiff;

a. Freedom of unreasonable search and seizure of his person and Home aswell as unreasonable governmt intrusion.

(53) at all relavant times Defendants Rogalski and Jarin were acting under the color of State law and under color of authority as police officers, employees, and agents or servants of the Township of Ocean, in Ocean County, New Jersey.

(54) at all relevant times Defendants Morrin, Pharo, Conforti, ShiaHarella and Dellane were acting under color of state law and under color of authority as police officers, employees, and agents or servants of STAFFORD TOWNSHIP, in ocean county, New Jersey.

Count I

42 U.S.C. § 1983 Against Defendants Rogalski, Jarin, Morrin Pharo, Conforti, shiattarella and Dellane.

(55) Plaintiff re-alleges and incorperates by referance par. 1-54

(56) Plaintiff claims damages under 42 U.S.C. § 1983 for the injuries set forth above against the above named Defendants for violation of his constitutional rights under color of law.

Count II - assault against Defendants Morrin & ShiaHarella

(57) plaintiff re-alleges and incorporates by referance par. 1-56

(58) Defendant Morrin assaulted plaintiff by unlawfully offering to injure him with apparent present ability to effectuate the injury under circumstances creating fear of imminent peril when he threatened to "shoot" plaintiff then slammed him on the floor face first and hand cuffed the plaintiff without cause. Def. ShiaHarella assaulted plaintiff by slamming him face first on the floor and kneeling on his back while plaintiff was hand cuffed for 5 to 10 minutes.

Count III - Battery against Defendants Morrin & ShiaHarella

(59) Plaintiff re-alleges and incorporates by referance par. 1-58.

(60) Defendants Morrin & ShiaHarella battered Plaintiff by intentionally and offensively contacting his body when Defs. both slammed the plaintiff to the grand, pinned him there with their knees and conducted a full-search of his person in his home without warrants, probable cause or the requisite level of suspicion while plaintiff was placed in handcuffs.

Count IV - unlawfull entry into 36 Ross Ct. Manahawkin N.J. against Defendants ShiaHarella, Morrin, Conforti, Pharo & Jarin.

(61) Plaintiff re-alleges and incorporates by referance par. 1-60

(62) Above named Defendants in Count IV entered into 36 Ross crt Manahawkin N.J. without warrants, valid consent or exigent circumstances being present causing the entry to be unreasonable and unlawfull. Defendant ShiaHarella knowingly manipulated the motion sensor on the homes garage door causing it to open and above mentioned Defendants to enter.

... the residence in violation of the 4th Amendment to the U.S. Constitution causing Plaintiff to fear imminent danger and suffer violations to the sanctity & security of his home.

Count V - False arrest & Imprisonment against Defendants Rogalski, Jarin, Conforti, Pharo, Morrin, Shiattarella & Dellane.

63 Defendants Rogalski and Jarin Knowingly utilized false and fraudulent information without corraberating evidence to falsely arrest and falsely imprison the Plaintiff by dispatching the untrustworth information causing Defendants Conforti, Pharo, Morrin Shiattarella and Dellane to falsly arrest and falsy imprison Plaintiff and his sister inside their home without warrants, probable cause or exceptions to the warrant requirement. All the above named defendants had no reason to arrest, search or detain plantiff because they did not know or reasonably beleive Plaintiff had committed an offense.

64 Plaintiff re-alleges and incorporates by referance par 1-61 in count V of the claim.

Count VI - Intentionally utilizing false and fraudulent information and information obtained as a result of an unlawful detention in Arrest & Search warrant affidavits agaist Def. Rogalski.

65 Defendant Rogalski knowingly and Recklessly utilized false and fraudulent information and purposely omitted recantations by the alleged victim in the arrest and search warrant affidavits creating AN unnecessary danger, and committed an unlawful search of the Home at 36 Ross Court. Plaintiff was arrested along with his sister Katerina Kattogiannis (approx. 6 hours before warrants were obtained) unlawfully. As a result of the false arrest & unlawful detention statemts were obtained illegaly and utilized in the arrest and search warrant affidavit causing the plaintiffs home and personal belongings to be violated unreasonably, against 4th & 14th Amendments to the U.S. Constitution.

66 Plaintiff re-alleges and incorporates by referance par. 1-63 in count VI of the claim.

Cant VII · Creating false reports and testimony against Defendants Pharo and Conforti creating false imprisonment.

(67) Defendant Conforti purposely fabricated his K-9 activity report and purged himself in court on 1-30-14 when his testimony did not match his report in critical areas causing Plaintiffs pro-longed false imprisonment. Defendant Pharo fabricated his S.W.A.T. activity report and purged himself in court on 2-28-14 by lying and giving inconsistant testimony causing Plaintiffs pro-longed false imprisonment.

(68) Plaintiff re-alleges and incorporates by referance par. 1 - 65 in count VII of the claim.

Cant VIII Respondeat Superior of Ocean TWP, N.J.

(69) Plaintiff re-alleges and incorporates by referance par. 1-67.

(70) Ocean Township (Defendant) is liable for false imprisoment & Arrest committed against Plaintiff by Defendants Rogalski and Jarin. Ocean Township employs the officers who committed false imprisonment while acting in the scope of their employment.

Cant IX Respondeat Superior of Stafford TWP, N.J.

(71) Plaintiff re-alleges and incorporates by referance par. 1- 70

(72) Stafford Taunship (Defendant) is liable for the assault, battery, unlawful entry into 36 Ross crt., false arrest and imprisonment and unlawful search of Plaintiff and his home committed against Plaintiff by Defendents Conforti, Pharo, Morrin, ShiaHarella and Dellane. Stafford TWP. employed officers named in this count who committed above named violations while acting in the scope of their employment.

Cant X unlawfull seizure of 36 Ross ct manahawkin N.J. & detention of Sophia Koutsogiannis without warrants or cause against Defendant Jarin.

(73) Plaintiff re-alleges and incorporates by referance par 1 - 72

cont...

(74)... Defendant Jarin falsely & unlawfully seized the home at 36 Ross crt. manahawkin N.J. by entering the residence without warrants and remaining inside the home for approx. 6 hours while awaiting warrants all the while falsly imprisoning and unlawfully detaining Plaintiffs sister Sophia Katsogiannis against her will causing Plaintiff to suffer unreasonable intrusions into his home & wellbeing of his family member was put in peril causing plaintiff and his sister Sophia emotional distress.

Prayer For Releif amended from sec. 7.

Wherefore, Plaintiff respectfully requests this Court:

A. Enter judgement in favor of Plaintiff & against Defendants;

B. Release plaintiff from his false imprisonment;

C. Enter an order declareing all above named Defendants conduct unconstitutional;

D. Award Plaintiff compensatory and punitive damages jointly and severally against Defendants in the amount no less than three million dollars.

E. Award Plaintiff's counsel & reasonable fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law;

F. Enter a permanent injunction, upon proper motion, requireing Defendants. Stafford Township N.J. and Ocean Township N.J. to adopt appropriate policies relating to the hiring and supervision of its police officers.

G. Award comensatory and punitive damages jointly and severally against Defendants and in favor of Katerina Katsogiannis, Sophia Katsogiannis and Frank Katsogiannis for the unconsitutional conduct by named Defendants violating recognized 4th amendment rights & 14th Amend. rights

H. Grant to Plaintiff such other and further releif as may be just and proper under the circumstances, including but not limited to appropriate injunctive releif.

* Please excuse handwriting, this facility is not equiped with a law library or typewriters *

Respectfully Submitted,

Plaintiff Pro-Se, [signature] Vasilio Katsogiannis

10-10-14